IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVREE DALY,

    Plaintiff,

v.                                                                                      No.

GYM LAUNCH SECRETS, LLC,

    Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, 1367(a) and 1441(a), Defendant Gym Launch Secrets, LLC ("Defendant"), gives notice of removal of the above-captioned action from the Thirteenth Judicial District, State of New Mexico, County of Valencia ("State Court") to the United States District Court for the District of New Mexico ("Notice"). As grounds for this Notice, Defendant states as follows:

### INTRODUCTION

1. On or about May 4, 2020, Plaintiff Davree Daly ("Plaintiff") filed a Complaint for Wrongful Termination ("Complaint") in the Thirteenth Judicial District, County of Valencia, New Mexico ("State Court Action"), styled as *Davree Daly v. Gym Launch Secrets, LLC* ("Complaint"). *See* **Exhibit A**, State Court docket.

2. The Thirteenth Judicial District issued a summons to Defendant on May 13, 2020. *Id.*

3. Plaintiff served the Complaint via certified mail on June 10, 2020. *See* **Exhibit B**, Service of Process Transmittal.

1

## PLAINTIFF'S COMPLAINT PRESENTS A FEDERAL QUESTION

4. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, which provides that federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States" ("Federal Question").

5. In this case, it is undisputed that Plaintiff has raised substantial federal issues in her Complaint, as she has alleged the following:

   a. A claim of interference with the Family and Medical Leave Act ("FMLA") and FMLA retaliation. *See* Complaint ¶¶ 21-35, attached as **Exhibit C**.

6. Because Plaintiff's allegations involve violations of the Family and Medical Leave Act, a federal statute codified in the United States Code, Plaintiff's claims fall under federal question jurisdiction and are therefore subject to removal to federal court under 28 U.S.C. § 1441(a). *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002) (whether a case "arises under" federal law for original jurisdiction purposes is tested by the "well-pleaded complaint" rule which requires federal courts to consider only what necessarily appears in plaintiff's statement of his or her claim). *See also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (whether the claim "arises under" federal law for removal purposes is determined by the same "well-pleaded complaint rule" that determines original federal question jurisdiction).

## SUPPLEMENTAL JURSIDCTION OVER STATE LAW CLAIMS IS PROPER

7. This Court has supplemental jurisdiction over Plaintiff's state law, which have been joined with those claims arising under its federal questions jurisdiction pursuant to 28 U.S.C.

section 1331, and supplemental jurisdiction over those claims pursuant to 28 U.S.C. Section 1367(a).

## REMOVAL IS TIMELY

8.     Plaintiff filed her Complaint on May 4, 2020 and served it on Defendant on June 10, 2020. This Notice of Removal therefore is timely pursuant to 28 U.S.C. § 1446(b), which requires that notice be filed within thirty (30) days of receipt by Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one in which is or has become removable.

## ALL OTHER REMOVAL REQUIREMENTS ARE MET

9.     This Court is the appropriate venue for removal of Plaintiff's State Action, pursuant to 28 U.S.C. § 1441(a), which permits removal of any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to the District Court for the district and division embracing the place where such action is pending. A Civil Cover Sheet as required by D.N.M. LR-Civ. 3.1 is filed concurrently with this Notice. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant are attached to this Notice as **Exhibit D**. Defendant has requested copies of the State Court records and proceedings, which copies shall be provided to the Court within the time allotted by D.N.M. LR-Civ 81.1(a). A copy of the docket sheet from the State Court action is attached hereto as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), a Notice of Notice of Removal and a copy of this Notice were filed concurrently with the Thirteenth Judicial District, State of New Mexico, County of Valencia. The Notice of Notice of Removal filed in State Court, without exhibits is attached as **Exhibit E**.

Respectfully Submitted,

JACKSON LEWIS P.C.

By: */s/ Danny W. Jarrett*
   Danny W. Jarrett
800 Lomas Boulevard NW, Suite 200
Albuquerque, NM 87102
Telephone: (505) 878-0515
Danny.jarrett@jacksonlewis.com
Attorney for Defendant

We hereby certify that we electronically filed the foregoing pleading through the CM/ECF system on the 7th day of July, 2020, and sent a copy via email to counsel for Plaintiff:

Wayne R. Suggett
WAYNE R. SUGGETT ATTORNEY AT LAW, P.C.
Albuquerque Plaza
201 Third Street, N.W., Suite 1720
Albuquerque, NM 87102
(505) 767-9804
Email: WAYNE@suggettlaw.com

JACKSON LEWIS P.C.

By: /*s/Danny W. Jarrett*
       Danny W. Jarrett

4