D-1314-CV-202000458 - Monday, June 29, 2020

# Davree Daly

## v.

# Gym Launch Secrets, LLC.

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-1314-CV-202000458 | Mercer, Cindy M. | 05/04/2020 | LOS LUNAS  District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| DE | Defendant Appellee | 1 | GYM LAUNCH SECRETS, LLC. |
| PP | Plaintiff Appellant | 1 | DALY DAVREE |
| | ATTORNEY: SUGGETT WAYNE ROBERT | | |

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 05/04/2020 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Contract Wrongful Termination |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 05/13/2020 | | | | | |
| 05/04/2020 | OPN: COMPLAINT | | PP | 1 | |
| | Complaint for Wrongful Termination | | | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 05/04/2020 | Mercer, Cindy M. | 1 | INITIAL ASSIGNMENT |

EXHIBIT A

FILED
13th JUDICIAL DISTRICT COURT
Valencia County
7/1/2020 3:02 PM
PHILLIP ROMERO
CLERK OF THE COURT

**STATE OF NEW MEXICO**
**COUNTY OF VALENCIA**
**THIRTEENTH JUDICIAL DISTRICT**

DAVREE DALY,

       Plaintiff,

vs.                        No.  D-1314-CV-2020-00458
                                    Judge Cindy M. Mercer

GYM LAUNCH SECRETS, LLC.

       Defendant.

### <u>CERTIFICATE OF SERVICE--RETURN OF SUMMONS</u>

On June 8, 2020 undersigned counsel served by certified mail, Defendant Gym Launch

Secrets LLC. with a copy of the Complaint and Court-issued summons.  See Exhibit 1.  The

certified mail was directed to Defendant's registered agent in New Mexico, 530-B Harkle Road,

Suite 100, Santa Fe, New Mexico 87505 as stated with the New Mexico Secretary of State.

Defendant's registered agent signed for the complaint and summons by certified mail on June 10,

2020.  Exhibit 2.

                      WAYNE R. SUGGETT ATTORNEY AT LAW, P.C.

                      By:/s/Wayne R. Suggett
                        WAYNE R. SUGGETT
                      Attorney for Plaintiff
                      Albuquerque Plaza
                       201 Third Street, N.W., Suite 1720
                      Albuquerque, New Mexico 87102
                      Telephone: (505) 767-9804
                      wayne@suggettlaw.com

```
=====================================
           GALLERIA
     40 FIRST PLAZA CTR NW STE 240
      ALBUQUERQUE, NM 87102-9711
            340135-0129
            (800)275-8777
         06/08/2020 12:20 PM
=====================================
-------------------------------------
Product              Qty    Unit    Price
                            Price

First-Class Mail®     1    $1.20    $1.20
Large Envelope
(Domestic)
(SANTA FE, NM  87505)
(Weight:0 Lb 1.80 Oz)
(Estimated Delivery Date)
(Thursday 06/11/2020)
Certified                          $3.50
(USPS Certified Mail #)
(70192280000200818226)
Return Receipt                     $2.85
(USPS Return Receipt #)
(9590940303835163073868)
-------------------------------------
Total:                             $7.60

-------------------------------------
Cash                               $8.00
Change                            ($0.40)
-------------------------------------
```

\* \* \* \* \* \* \*xxxxxxxxxxxxxxxxxxxxxxxxxxx=

Due to limited transportation
availability as a result of
nationwide COVID-19 impacts
package delivery times may be
extended. Priority Mail Express®
service will not change.
\* \* \* \* \* \*xxxxxxxxxxxxxxxxxxxxxxxxxxx=

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call 1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
www.informeddelivery.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

HELP US SERVE YOU BETTER

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

Go to:
https://postalexperience.com/Pos

840-5870-0333-002-00021-88902-02

or scan this code with
your mobile device:



or call 1-800-410-7420.

YOUR OPINION COUNTS

Receipt #: 840-58700333-2-2188902-2
Clerk: 7



**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

SANTA NM 87505

Certified Mail Fee   $3.55
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ $0.00
☐ Return Receipt (electronic)        $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required           $ $0.00
☐ Adult Signature Restricted Delivery $
Postage   $1.20
$
Total Postage and Fees   $7.60
$
Sent To  GYM LAUNCH SECRETS LLC   c/o Registered Agt
Street and Apt. No., or PO Box No.
520-B Harkle Rd Suite 100
City, State, ZIP+4®
SANTA FE  NM  87505

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 2280 0000 1801 8226

OFFICIAL USE

GALLERIA STATION 8 02
Postmark Here
O 2020
06/08/2020

EXHIBIT
1

EXHIBIT E

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Amelia J Montoya_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>_Amelia J Montoya_  6-10-20 |
| 1. Article Addressed to:<br><br>Gym Launch Secrets LLC.<br>C/o Registered Agents Inc.<br>530-B Harkle Rd. Suite 100<br>Santa FE, NM 87505 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| \|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|<br>9590 9403 0383 5163 0738 68 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery  ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7019 2280 0002 0081 8226 | |
| PS Form 3811, April 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

**EXHIBIT**

**2**

EXHIBIT B

AB

FILED
13th JUDICIAL DISTRICT COURT
Valencia County
5/4/2020 12:31 PM
PHILLIP ROMERO
CLERK OF THE COURT

**STATE OF NEW MEXICO**
**COUNTY OF VALENCIA**
**THIRTEENTH JUDICIAL DISTRICT**

DAVREE DALY,

      Plaintiff,

vs.                      No.  D-1314-CV-2020-00458

GYM LAUNCH SECRETS, LLC.

      Defendant.

## COMPLAINT FOR WRONGFUL TERMINATION

Plaintiff, Davree Daly, through her counsel of record Wayne R. Suggett Attorney at Law, P.C., for her complaint against Defendant Gym Launch Secrets, LLC., alleges as follows:

### JURISDICTION AND VENUE

1.      Plaintiff Davree Daly (Ms. Daly) is a resident of Valencia County, New Mexico.

2.      Defendant Gym Launch Secrets, LLC., is a foreign limited liability company that transacts business in New Mexico.

3.      The wrongful conduct of Defendant occurred in Valencia County, New Mexico.

### BACKGROUND FACTS

4.      Ms. Daly was hired by Defendant in a Tech Support position in August 2017.

5.      In 2018 and 2019, Defendant employed fifty or more employees or full-time equivalents that worked at or reported to the same Texas office that Ms. Daly reported to.

6.      In April 2018, Ms. Daly was promoted to Escalation Specialist.

7.      In September 2018 Ms. Daly informed her primary supervisor of her pregnancy.

8.      Ms. Daly requested and was granted Family and Medical Leave Act (FMLA) due to her pregnancy and anticipated childbirth.

1

EXHIBIT C

9.      Ms. Daly began her FMLA due to her pregnancy and childbirth on April 22, 2019 with a return date of June 3, 2019.

10.     Ms. Daly was a full-time employee at the time that had never requested leave time previously and had worked over 1,000 hours in the twelve-months prior to her request for leave.

11.     Prior to her June 3, 2019 anticipated and expected return from leave, Defendant informed Ms. Daly that it had eliminated her Escalation Specialist position and offered Ms. Daly a demotion back to a tech position with a $4.00 cut (approximately 17 percent) in her hourly rate from $24.00 to $20.00 an hour.

12.     Ms. Daly was told that if she did not take the demotion and pay cut, she would be terminated.

13.     Ms. Daly refused to accept the demoted position and was discharged on May 24, 2019.

14.     Defendant's claim that it had eliminated the Escalation Specialist positon was a pretext to terminate Ms. Daly based on her requesting and exercising her right to FMLA leave due to her pregnancy/childbirth.

15.     Defendant almost immediately posted at least two open positions, renamed the Implementation Coordinator and Coaching Coordinator position--that contain the almost identical job duties Ms. Daly was performing as the Escalation Specialist.

### COUNT I—NEW MEXICO COMMON LAW WRONGFUL
### AND RETALIATORY DISCHARGE CLAIMS

16.     Pursuant to NMRA 2005, 1-010(C), Ms. Daly incorporates paragraphs 1 through 15 in Count I.

17.     New Mexico has a strong public policy prohibiting employers from terminating employees or taking adverse action against employees for the employees exercising or attempting

EXHIBIT C

to exercise their contractual and statutory employment rights under state and federal law and for terminating employees based on exercising their statutory rights to FMLA benefits.   New Mexico also has a strong public policy prohibiting employers from terminating employees and taking adverse action against employees based on their gender and/or pregnancy.

18.    Defendant's demotion of Ms. Daly, and its constructive termination of Ms. Daly when she refused to accept the demotion, violated New Mexico public policy protecting Ms. Daly for adverse employment actions based on asserting her rights under the FMLA or based on her gender, female, or pregnancy/childbirth.

19.    Defendant's conduct was intentional, willful and with reckless disregard of the employment rights of Ms. Daly.

20.    As a result of Defendant's conduct, Ms. Daly suffered injury.

**COUNT II—INTERFERENCE WITH FMLA
RIGHTS AND FMLA RETALIATION**

21.    Pursuant to NMRA 2005, 1-010(C), Ms. Daly incorporates paragraphs 1 through 20 in Count II.

22.    Defendant was subject to the provisions of the Family and Medical Leave Act (FMLA) at all times in 2019.

23.    Defendant employed 50 or more employees for at least 20 calendar workweeks in 2018 and 2019.

24.    Defendant's employees largely work remotely.  However, more than 50 employees reported, accepted assignments, and were supervised out of the same Texas location that Ms. Daly reported to and accepted her assignments and supervision.

25.    Ms. Daly was entitled to up to 12 weeks of unpaid leave under the FMLA.

26.     She requested, and was granted, approximately six weeks of FMLA leave

3

EXHIBIT C

beginning April 23, 2019, through June 3, 2019, based on her pregnancy and birth of her child.

27.     As agreed, Ms. Daly was ready and willing to return to her position at the end of her scheduled FMLA leave on June 3, 2019.

28.     The FMLA requires that an employee be returned to a "nearly identical" position when they return from FMLA leave.

29.     Defendant violated this provision by attempting to transfer Ms. Daly to a demoted position with less responsibilities and with substantially less pay.

30.     In fact, after offering Ms. Daly the demoted position claiming that they no longer had an Escalation Specialist position, Defendant posted and hired employees to perform the almost identical duties Ms. Daly had been performing.

31.     In continuing its retaliation of Ms. Daly, after her termination Defendant sent threatening letters to Ms. Daly in an attempt to interfere with her ability to work.

32.     Defendant also interfered with Ms. Daly's work by contacting potential clients of Ms. Daly and falsely informing them that Ms. Daly was prohibited from working with these clients and/or that Defendant would retaliate and refuse to do business with these clients unless they refused to work with Ms. Daly.

33.     In addition, Defendant, using false pretenses, had employees and agents contact Ms. Daly and falsely pretend to be potential clients in attempting to harm Ms. Daly's business.

34.     Defendant's conduct interfered with Ms. Daly's FMLA rights and retaliated against her for exercising her FMLA rights in violation of law.

35.     As a result of Defendant's wrongful conduct, Ms. Daly suffered injury.

EXHIBIT C

## COUNT III—SEX AND PREGNANCY DISCRIMINATION
## UNDER NEW MEXICO'S HUMAN RIGHTS ACT

36.     Pursuant to NMRA 2005, 1-010(C), Ms. Daly incorporates paragraphs 1 through 35 in Count III.

37.     Ms. Daly filed a charge of discrimination with the New Mexico Human Rights Bureau on September 10, 2019.

38.     Ms. Daly exhausted her administrative remedies as required by New Mexico law and received a letter of non-determination from the State of New Mexico on March 16, 2020.

39.     Ms. Daly is female.

40.     Ms. Daly was pregnant in early 2019 and had just given birth to her child at the time of her termination by Defendant.

41.     New Mexico prohibits employers from discriminating and retaliating against employees based on their gender and/or pregnancy.

42.     Defendant took adverse action against Ms. Daly in May 2019 based on her gender and/or pregnancy.

43.     Defendant's demotion, and subsequent termination when Ms. Daly refused the demotion, was a pretext to engage in illegal sex and/or pregnancy discrimination.

44.     Defendant discriminated against Ms. Daly by falsely claiming that her position had been eliminated and that there was no substantially similar position available to her.  Defendant falsely claimed that the only position available was a demoted position that Ms. Daly previously held at substantially less pay.

45.     When Ms. Daly rejected the demotion, Defendant terminated her employment.

46.     After Defendant terminated her employment and filed a charge of discrimination on September 10, 2020, Defendant took retaliatory action against Ms. Daly for filing a charge of

EXHIBIT C

discrimination with New Mexico's Human Rights Bureau and the EEOC and for otherwise asserting her rights based on her wrongful termination.

47.    Defendant's conduct interfered with Ms. Daly's rights not to be discriminated against, or retaliated, based on her gender and/or her pregnancy.

48.    Defendant's conduct was intentional and in reckless disregard of Ms. Daly's rights to be free from discrimination or retaliation based on her sex, gender or asserting her rights under law to be free of gender and/or pregnancy discrimination.

49.    As a result of Defendant's wrongful conduct, Ms. Daly suffered injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Davree Daly respectfully requests this court enter judgment in favor of Plaintiff and against Defendant for amounts to be proven at trial, including compensatory damages, including back and front pay, special and liquidated damages, damages for emotional distress, punitive damages, injunctive and other equitable relief, pre and post judgment interest, attorney's fees, costs, and such further relief as may be just.

WAYNE R. SUGGETT ATTORNEY AT LAW, P.C.

By:/s/Wayne R. Suggett_____
WAYNE R. SUGGETT
Attorney for Plaintiff
Albuquerque Plaza
 201 Third Street, N.W., Suite 1720
Albuquerque, New Mexico 87102
Telephone: (505) 767-9804

6

EXHIBIT C

AB

FILED
13th JUDICIAL DISTRICT COURT
Valencia County
5/4/2020 12:31 PM
PHILLIP ROMERO
CLERK OF THE COURT

**STATE OF NEW MEXICO**
**COUNTY OF VALENCIA**
**THIRTEENTH JUDICIAL DISTRICT**

DAVREE DALY,

       Plaintiff,

vs.                  No.  D-1314-CV-2020-00458

GYM LAUNCH SECRETS, LLC.

       Defendant.

## COMPLAINT FOR WRONGFUL TERMINATION

Plaintiff, Davree Daly, through her counsel of record Wayne R. Suggett Attorney at Law, P.C., for her complaint against Defendant Gym Launch Secrets, LLC., alleges as follows:

## JURISDICTION AND VENUE

1.     Plaintiff Davree Daly (Ms. Daly) is a resident of Valencia County, New Mexico.

2.     Defendant Gym Launch Secrets, LLC., is a foreign limited liability company that transacts business in New Mexico.

3.     The wrongful conduct of Defendant occurred in Valencia County, New Mexico.

## BACKGROUND FACTS

4.     Ms. Daly was hired by Defendant in a Tech Support position in August 2017.

5.     In 2018 and 2019, Defendant employed fifty or more employees or full-time equivalents that worked at or reported to the same Texas office that Ms. Daly reported to.

6.     In April 2018, Ms. Daly was promoted to Escalation Specialist.

7.     In September 2018 Ms. Daly informed her primary supervisor of her pregnancy.

8.     Ms. Daly requested and was granted Family and Medical Leave Act (FMLA) due to her pregnancy and anticipated childbirth.

1

9.      Ms. Daly began her FMLA due to her pregnancy and childbirth on April 22, 2019 with a return date of June 3, 2019.

10.     Ms. Daly was a full-time employee at the time that had never requested leave time previously and had worked over 1,000 hours in the twelve-months prior to her request for leave.

11.     Prior to her June 3, 2019 anticipated and expected return from leave, Defendant informed Ms. Daly that it had eliminated her Escalation Specialist position and offered Ms. Daly a demotion back to a tech position with a $4.00 cut (approximately 17 percent) in her hourly rate from $24.00 to $20.00 an hour.

12.     Ms. Daly was told that if she did not take the demotion and pay cut, she would be terminated.

13.     Ms. Daly refused to accept the demoted position and was discharged on May 24, 2019.

14.     Defendant's claim that it had eliminated the Escalation Specialist positon was a pretext to terminate Ms. Daly based on her requesting and exercising her right to FMLA leave due to her pregnancy/childbirth.

15.     Defendant almost immediately posted at least two open positions, renamed the Implementation Coordinator and Coaching Coordinator position--that contain the almost identical job duties Ms. Daly was performing as the Escalation Specialist.

## COUNT I—NEW MEXICO COMMON LAW WRONGFUL
## AND RETALIATORY DISCHARGE CLAIMS

16.     Pursuant to NMRA 2005, 1-010(C), Ms. Daly incorporates paragraphs 1 through 15 in Count I.

17.     New Mexico has a strong public policy prohibiting employers from terminating employees or taking adverse action against employees for the employees exercising or attempting

2

to exercise their contractual and statutory employment rights under state and federal law and for terminating employees based on exercising their statutory rights to FMLA benefits.   New Mexico also has a strong public policy prohibiting employers from terminating employees and taking adverse action against employees based on their gender and/or pregnancy.

18.     Defendant's demotion of Ms. Daly, and its constructive termination of Ms. Daly when she refused to accept the demotion, violated New Mexico public policy protecting Ms. Daly for adverse employment actions based on asserting her rights under the FMLA or based on her gender, female, or pregnancy/childbirth.

19.     Defendant's conduct was intentional, willful and with reckless disregard of the employment rights of Ms. Daly.

20.     As a result of Defendant's conduct, Ms. Daly suffered injury.

## COUNT II—INTERFERENCE WITH FMLA RIGHTS AND FMLA RETALIATION

21.     Pursuant to NMRA 2005, 1-010(C), Ms. Daly incorporates paragraphs 1 through 20 in Count II.

22.     Defendant was subject to the provisions of the Family and Medical Leave Act (FMLA) at all times in 2019.

23.     Defendant employed 50 or more employees for at least 20 calendar workweeks in 2018 and 2019.

24.     Defendant's employees largely work remotely.  However, more than 50 employees reported, accepted assignments, and were supervised out of the same Texas location that Ms. Daly reported to and accepted her assignments and supervision.

25.     Ms. Daly was entitled to up to 12 weeks of unpaid leave under the FMLA.

26.      She requested, and was granted, approximately six weeks of FMLA leave

3

beginning April 23, 2019, through June 3, 2019, based on her pregnancy and birth of her child.

27.     As agreed, Ms. Daly was ready and willing to return to her position at the end of her scheduled FMLA leave on June 3, 2019.

28.     The FMLA requires that an employee be returned to a "nearly identical" position when they return from FMLA leave.

29.     Defendant violated this provision by attempting to transfer Ms. Daly to a demoted position with less responsibilities and with substantially less pay.

30.     In fact, after offering Ms. Daly the demoted position claiming that they no longer had an Escalation Specialist position, Defendant posted and hired employees to perform the almost identical duties Ms. Daly had been performing.

31.     In continuing its retaliation of Ms. Daly, after her termination Defendant sent threatening letters to Ms. Daly in an attempt to interfere with her ability to work.

32.     Defendant also interfered with Ms. Daly's work by contacting potential clients of Ms. Daly and falsely informing them that Ms. Daly was prohibited from working with these clients and/or that Defendant would retaliate and refuse to do business with these clients unless they refused to work with Ms. Daly.

33.     In addition, Defendant, using false pretenses, had employees and agents contact Ms. Daly and falsely pretend to be potential clients in attempting to harm Ms. Daly's business.

34.     Defendant's conduct interfered with Ms. Daly's FMLA rights and retaliated against her for exercising her FMLA rights in violation of law.

35.     As a result of Defendant's wrongful conduct, Ms. Daly suffered injury.

EXHIBIT D

## COUNT III—SEX AND PREGNANCY DISCRIMINATION
## UNDER NEW MEXICO'S HUMAN RIGHTS ACT

36.     Pursuant to NMRA 2005, 1-010(C), Ms. Daly incorporates paragraphs 1 through 35 in Count III.

37.     Ms. Daly filed a charge of discrimination with the New Mexico Human Rights Bureau on September 10, 2019.

38.     Ms. Daly exhausted her administrative remedies as required by New Mexico law and received a letter of non-determination from the State of New Mexico on March 16, 2020.

39.     Ms. Daly is female.

40.     Ms. Daly was pregnant in early 2019 and had just given birth to her child at the time of her termination by Defendant.

41.     New Mexico prohibits employers from discriminating and retaliating against employees based on their gender and/or pregnancy.

42.     Defendant took adverse action against Ms. Daly in May 2019 based on her gender and/or pregnancy.

43.     Defendant's demotion, and subsequent termination when Ms. Daly refused the demotion, was a pretext to engage in illegal sex and/or pregnancy discrimination.

44.     Defendant discriminated against Ms. Daly by falsely claiming that her position had been eliminated and that there was no substantially similar position available to her.  Defendant falsely claimed that the only position available was a demoted position that Ms. Daly previously held at substantially less pay.

45.     When Ms. Daly rejected the demotion, Defendant terminated her employment.

46.     After Defendant terminated her employment and filed a charge of discrimination on September 10, 2020, Defendant took retaliatory action against Ms. Daly for filing a charge of

5

discrimination with New Mexico's Human Rights Bureau and the EEOC and for otherwise asserting her rights based on her wrongful termination.

47.    Defendant's conduct interfered with Ms. Daly's rights not to be discriminated against, or retaliated, based on her gender and/or her pregnancy.

48.    Defendant's conduct was intentional and in reckless disregard of Ms. Daly's rights to be free from discrimination or retaliation based on her sex, gender or asserting her rights under law to be free of gender and/or pregnancy discrimination.

49.    As a result of Defendant's wrongful conduct, Ms. Daly suffered injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Davree Daly respectfully requests this court enter judgment in favor of Plaintiff and against Defendant for amounts to be proven at trial, including compensatory damages, including back and front pay, special and liquidated damages, damages for emotional distress, punitive damages, injunctive and other equitable relief, pre and post judgment interest, attorney's fees, costs, and such further relief as may be just.

WAYNE R. SUGGETT ATTORNEY AT LAW, P.C.

By:/s/Wayne R. Suggett_____
WAYNE R. SUGGETT
Attorney for Plaintiff
Albuquerque Plaza
 201 Third Street, N.W., Suite 1720
Albuquerque, New Mexico 87102
Telephone: (505) 767-9804

6

## SUMMONS

**District Court:** Thirteenth Judicial District
County of Valencia
State of New Mexico
**Court Address:** 1835 Hwy 314 SW          **No. :**     D-1314-CV-2020-00458
P.O. Box 1089                    **Judge:**   Cindy M. Mercer
Los Lunas, NM 87031
**Court telephone No:** (505) 865-2400

DAVREE DALY,

      Plaintiff,                            Defendant:   Gym Launch Secrets, LLC.
                                             Address:     c/o Registered Agents Inc.
                                                       530-B Harkle Rd , Ste. 100
vs.                                                    Santa Fe, NM 87505
GYM LAUNCH SECRETS, LLC.
      Defendant.

### TO THE ABOVE NAMED DEFENDANT: Take notice that

1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

3.    You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.



Dated at _____LOS LUNAS_____, New Mexico, this 13TH day of May, 2020.
PHILLIP ROMERO,
CLERK OF COURT

By: /s/ Jane Yarbrough
           Deputy

Wayne R. Suggett Attorney at Law, P.C.

Address: 201 Third Street N.W., Suite 1720
Albuquerque, NM 87102
Telephone: 505-767-9804
E-mail: wayne@suggettlaw.com

2

EXHIBIT D

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS:**

**RETURN**

STATE OF NEW MEXICO   )
                          )    ss
COUNTY OF BERNALILLO )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, 2020, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person).*

3

EXHIBIT D

[ ]    to    _____    *(name    of    person)*,
_____, *(title of person authorized to receive service.   Use
this alternative when the defendant is a corporation or an association subject to a suit
under a common name, a land grant board of trustees, the State of New Mexico or any
political subdivision)*.

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, _____

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

4

EXHIBIT D

**THIRTEENTH JUDICIAL DISTRICT**
**COUNTY OF VALENCIA**
**STATE OF NEW MEXICO**

DAVREE DALY,

     Plaintiff,

v.                                    No. D-1314-CV-2020-00458

GYM LAUNCH SECRETS, LLC

     Defendant.

<u>**NOTICE OF NOTICE OF REMOVAL**</u>

     Please take notice on the 7th day of July, 2020, Defendant Gym Launch Secrets, LLC

("Defendant") filed a Notice of Removal of the above-captioned action in and to the United States

District Court, District of New Mexico, pursuant to 28 U.S.C. § 1331, 1367(a) and 1441(a). A

copy of the Notice without exhibits is attached hereto as **Exhibit A**.

                       RESPECTFULLY SUBMITTED:

                       JACKSON LEWIS P.C.


                       By: */s/Danny W. Jarrett*
                             Danny W. Jarrett
                       800 Lomas Boulevard NW, Suite 200
                       Albuquerque, NM 87102
                       Telephone: (505) 878-0515
                       Danny.jarrett@jacksonlewis.com
                       *ATTORNEY FOR DEFENDANT*
                       *GYM LAUNCH SECRETS, LLC*

## <u>CERTIFICATE OF SERVICE</u>

      We hereby certify that we electronically filed the foregoing pleading through the State of New Mexico's Odyssey File & Services System on the 7th day of July, 2020 and sent a copy via email to:

      Wayne R. Suggett
      WAYNE R. SUGGETT ATTORNEY AT LAW, P.C.
      Albuquerque Plaza
      201 Third Street, N.W., Suite 1720
      Albuquerque, NM 87102
      (505) 767-9804
      Email: wayne@suggettlaw.com

By: */s/Danny W. Jarrett*
      Danny W. Jarrett

**Exhibit E**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DAVREE DALY,

      Plaintiff,

v.                                                    No.

GYM LAUNCH SECRETS, LLC,

      Defendant.

---

## NOTICE OF REMOVAL

---

      Pursuant to 28 U.S.C. § 1331, 1367(a) and 1441(a), Defendant Gym Launch Secrets, LLC ("Defendant"), gives notice of removal of the above-captioned action from the Thirteenth Judicial District, State of New Mexico, County of Valencia ("State Court") to the United States District Court for the District of New Mexico ("Notice"). As grounds for this Notice, Defendant states as follows:

### INTRODUCTION

      1.    On or about May 4, 2020, Plaintiff Davree Daly ("Plaintiff") filed a Complaint for Wrongful Termination ("Complaint") in the Thirteenth Judicial District, County of Valencia, New Mexico ("State Court Action"), styled as *Davree Daly v. Gym Launch Secrets, LLC* ("Complaint"). *See* **Exhibit A**, State Court docket.

      2.    The Thirteenth Judicial District issued a summons to Defendant on May 13, 2020. *Id.*

      3.    Plaintiff served the Complaint via certified mail on June 10, 2020. *See* **Exhibit B**, Service of Process Transmittal.

**Exhibit E**                                                    **Exhibit A**

**PLAINTIFF'S COMPLAINT PRESENTS A FEDERAL QUESTION**

4.     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, which provides that federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States" ("Federal Question").

5.     In this case, it is undisputed that Plaintiff has raised substantial federal issues in her Complaint, as she has alleged the following:

    a. A claim of interference with the Family and Medical Leave Act ("FMLA") and

    FMLA retaliation. *See* Complaint ¶¶ 21-35, attached as **Exhibit C**.

6.     Because Plaintiff's allegations involve violations of the Family and Medical Leave Act, a federal statute codified in the United States Code, Plaintiff's claims fall under federal question jurisdiction and are therefore subject to removal to federal court under 28 U.S.C. § 1441(a). *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc*., 535 U.S. 826, 830 (2002) (whether a case "arises under" federal law for original jurisdiction purposes is tested by the "well-pleaded complaint" rule which requires federal courts to consider only what necessarily appears in plaintiff's statement of his or her claim). *See also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (whether the claim "arises under" federal law for removal purposes is determined by the same "well-pleaded complaint rule" that determines original federal question jurisdiction).

**SUPPLEMENTAL JURSIDCTION OVER STATE LAW CLAIMS IS PROPER**

7.     This Court has supplemental jurisdiction over Plaintiff's state law, which have been joined with those claims arising under its federal questions jurisdiction pursuant to 28 U.S.C.

Exhibit E                                                                 Exhibit A

section 1331, and supplemental jurisdiction over those claims pursuant to 28 U.S.C. Section 1367(a).

## REMOVAL IS TIMELY

8.     Plaintiff filed her Complaint on May 4,2020 and served it on Defendant on June 10, 2020. This Notice of Removal therefore is timely pursuant to 28 U.S.C. § 1446(b), which requires that notice be filed within thirty (30) days of receipt by Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one in which is or has become removable.

## ALL OTHER REMOVAL REQUIREMENTS ARE MET

9.     This Court is the appropriate venue for removal of Plaintiff's State Action, pursuant to 28 U.S.C. § 1441(a), which permits removal of any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to the District Court for the district and division embracing the place where such action is pending. A Civil Cover Sheet as required by D.N.M. LR-Civ. 3.1 is filed concurrently with this Notice. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant are attached to this Notice as **Exhibit D**. Defendant has requested copies of the State Court records and proceedings, which copies shall be provided to the Court within the time allotted by D.N.M. LR-Civ 81.1(a). A copy of the docket sheet from the State Court action is attached hereto as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), a Notice of Notice of Removal and a copy of this Notice were filed concurrently with the Thirteenth Judicial District, State of New Mexico, County of Valencia. The Notice of Notice of Removal filed in State Court, without exhibits is attached as **Exhibit E**.

3

**Exhibit E**                                          **Exhibit A**

Respectfully Submitted,

JACKSON LEWIS P.C.


By: */s/ Danny W. Jarrett*
   Danny W. Jarrett
800 Lomas Boulevard NW, Suite 200
Albuquerque, NM 87102
Telephone: (505) 878-0515
Danny.jarrett@jacksonlewis.com
Attorney for Defendant


We hereby certify that we electronically filed
the foregoing pleading through the CM/ECF
system on the 7th day of July, 2020, and sent a
copy via email to counsel for Plaintiff:

Wayne R. Suggett
WAYNE R. SUGGETT ATTORNEY AT LAW, P.C.
Albuquerque Plaza
201 Third Street, N.W., Suite 1720
Albuquerque, NM 87102
(505) 767-9804
Email: WAYNE@suggettlaw.com

JACKSON LEWIS P.C.

By: */s/Danny W. Jarrett*
        Danny W. Jarrett

4

**Exhibit E**                    **Exhibit A**